20-3642-cv
Walker v. Pitnell

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty-one.**

**PRESENT:**

> **SUSAN L. CARNEY,**
> **RICHARD J. SULLIVAN,**
> **JOSEPH F. BIANCO,**
> > *Circuit Judges.*

_____

Conrad Walker,

> *Plaintiff-Appellant*,

> v.                                                                20-3642-cv

Anthony L. Pitnell, Esq., Gross Polowy Law Firm, HSBC Bank USA, National Association, as Trustee for SG Mortgage Securities Trust 2006-FRE1, Elpiniki Bechakas,

> *Defendants-Appellees.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Conrad Walker, pro se, Houston, TX |
| **FOR DEFENDANTS-APPELLEES:** | Allison J. Schoenthal, Allison M. Funk, Robin Muir, Goodwin Procter LLP, New York, NY (*for* HSBC Bank USA, National |

Association)

Stephen J. Vargas, Gross Polowy, LLC, Westbury, NY (*for* Gross Polowy Law Firm and Anthony L. Pitnell, Esq.)

Ronald A. Giller, Kasey T. Mahoney, Gordon Reese Scully Mansukhani, LLP, New York, NY (*for* Elpiniki Bechakas)

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Conrad Walker, proceeding pro se, sued HSBC Bank USA, National Association ("HSBC"); its attorneys, the Gross Polowy Law Firm ("Gross Polowy"); Anthony Pitnell; and Elpiniki Bechakas under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and state law, alleging that defendants pursued foreclosure against him after fraudulently assigning his mortgage to HSBC. The district court dismissed the FDCPA claims, citing three independent grounds: that Walker failed to state an FDCPA claim against any defendant; that the claims were untimely; and that the claims were also barred by collateral estoppel. It declined to exercise supplemental jurisdiction over the state law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013).

The district court properly dismissed Walker's FDCPA claim against the defendants.

A plaintiff must bring an FDCPA action "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Walker filed his lawsuit on July 26, 2019. Accordingly, any claim based on a violation that occurred before July 26, 2018, is time-barred. Walker asserts that HSBC violated the FDCPA because it failed to indicate it was a debt collector, fraudulently obtained possession of his mortgage note through a backdated assignment of that note, and threatened to take his property away in April 2008 by filing the foreclosure action. His claim against Bechakas is based on her alleged execution of the mortgage note assignment in April 2008. His allegations against Gross Polowy and Pitnell involve court filings made in 2014, 2017, and November 2018. Except for those involving an affirmation-in-opposition filed by Pitnell and Gross Polowy in November 2018, all of these allegations concern acts that occurred before July 2018. These claims are thus time-barred.

The district court concluded that a claim based on the November 2018 affirmation was also untimely because it contained the same alleged misrepresentation—that HSBC validly transferred the mortgage note in April 2008—as earlier filings that were the basis for the time-barred claims. Although we have acknowledged that a state court foreclosure proceeding may constitute a debt collection under the FDCPA, *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 83–84 (2d Cir. 2018), we have not decided whether a repeated but otherwise identical misrepresentation in a court filing counts as a separate FDCPA violation for statute of limitations purposes. We need not decide this issue today, however, because Walker failed to allege sufficient facts to state an FDCPA claim, even assuming that he could bring a timely claim based on the November 2018 affirmation.

The FDCPA prohibits the use of "false, deceptive, or misleading representation[s] or means

3

in connection with the collection of any debt." 15 U.S.C. § 1692e. To be actionable under the FDCPA, however, the misrepresentation at issue in the debt collection activity must be material, *i.e.*, it must "ha[ve] the potential to affect the decision-making process of the least sophisticated consumer." *Cohen*, 897 F.3d at 85 (internal alteration and quotation marks omitted).

Walker did not allege sufficient facts to support a conclusion that Pitnell's statements were material. A misrepresentation concerning a creditor's identity is not material if it has no effect on the debtor's "ability to respond to the debt." *Id.* at 87. In *Cohen*, we determined that a statement in a court filing that misidentified a loan servicer as the creditor or owner of the mortgage was not a material misrepresentation for FDCPA purposes because that statement was "not deceptive as to the nature or legal status of Cohen's debt," and it would not have "prevented the least sophisticated consumer from responding to or disputing the action." *Id.* at 87. Similarly here, Pitnell's November 2018 affirmation attesting that HSBC was the creditor and that HSBC had been assigned Walker's mortgage was not materially misleading. It did not prevent Walker from filing a reply affirmation or from continuing to challenge the foreclosure judgment in appellate proceedings. Nor did it misrepresent the nature of Walker's debt or somehow prevent him from responding to it. Therefore, the alleged misrepresentation was not material, and neither Pitnell nor Gross Polowy violated the FDPCA by making it.

In addition, any claim against HSBC based on the November 2018 affirmation was properly dismissed because Walker failed to allege that HSBC was a debt collector within the meaning of the FDCPA. A debt collector "means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or

4

due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  But Walker alleged only that HSBC "was a debt collector, and not a creditor," and that the 2008 mortgage note assignment was fraudulently backdated at the time the foreclosure action began.  These conclusory allegations are insufficient to state a claim under the FDCPA.  *See Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006).  Therefore, the district court properly dismissed the FDCPA claim against all defendants.[1]

Ordinarily, a district court should not dismiss a pro se plaintiff's complaint without granting leave to amend.  Walker's FDCPA claim against Bechakas was untimely, however, and he cannot state an FDCPA claim against HSBC, Pitnell, or Gross Polowy based on the November 2018 affirmation.  Because the district court properly dismissed the FDCPA claims—the only claims over which it had original jurisdiction—it did not abuse its discretion by declining to exercise supplemental jurisdiction over Walker's state law claims.  *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

We have considered all of Walker's remaining arguments and find in them no basis for reversal.  Accordingly, we **AFFIRM** the judgment of the district court.  All motions pending before this Court are **DENIED**.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Because we affirm the judgment of the district court for the foregoing reasons, we decline to address the district court's dismissal on collateral estoppel grounds.